IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT MOODY, | § | |
| | § | No. 570, 2017 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | ID. No. 1307020184 |
| STATE OF DELAWARE, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: August 15, 2018
Decided: September 24, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 24th day of September 2018, upon consideration of the parties' briefs and the record on appeal, it appears that:

(1) The Appellant, Robert Moody, appeals from a Superior Court order which denied his motion for postconviction relief. He asserts three claims. He contends that: (1) the Superior Court erred by ruling he was not prejudiced by his trial counsel's failure to move to sever a person prohibited charge and counsel's stipulation to his person prohibited status; (2) the Superior Court erred by ruling that his trial counsel was not ineffective in failing to move to suppress evidence of a firearm and ammunition that formed the basis for the charges against him; and (3)

the Superior Court abused its discretion by not allowing an expansion of the record during the postconviction proceedings. We find no merit to Moody's claims and affirm.

(2) Around midnight on July 25, 2013, Wilmington Police Officer Matthew Geiser was patrolling a high crime neighborhood.[1] He observed Moody riding his bicycle with a noticeable bulge around his right rear waistline. Based on Officer Geiser's training and experience, he believed Moody was armed. He sounded his vehicle's air horn and ordered Moody to stop. Moody looked at the officer and performed a "security check" of his right rear waistline with his hand. Then, Moody sped up on his bicycle and turned down an alleyway behind the vacant Walt's Flavor Crisp store.

(3) Officer Geiser crossed paths with Moody at the other end of the alley. He ordered Moody to get off his bicycle and noticed Moody no longer had a bulge in his right rear waistline. Along with other officers, Officer Geiser searched the area and arrested Moody after discovering a .357 Magnum on the roof of one the buildings adjacent to the ally. The gun was loaded with three rounds of ammunition.

(4) On March 22, 2014, a jury convicted Moody of possession of a firearm

---

[1] All facts are drawn from our previous decision on Moody's direct appeal. *Moody v. State*, 2016 WL 768353 (Del. Feb. 26, 2016).

2

by a person prohibited, carrying a concealed deadly weapon, and possession of ammunition by a person prohibited. Moody was sentenced to a total of 21 years at level V, suspended after 5 years for decreasing levels of probation.

(5) Moody filed a direct appeal to this Court. We affirmed his conviction.[2] Moody then filed a timely Motion for Postconviction Relief. The Superior Court denied his motion. This appeal followed.

(6) The Superior Court's denial of a Rule 61 Motion for Postconviction relief is reviewed for an abuse of discretion.[3] Questions of law are reviewed *de novo*.[4]

(7) The two-pronged test for claims of ineffective assistance of counsel was established by the United States Supreme Court in *Strickland v. Washington*.[5] First, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness."[6] "Second, the defendant must show that the deficient performance prejudiced the defense."[7]

(8) Trial counsel's actions "are afforded a strong presumption of

---

[2] *Id.*
[3] *Neal v. State*, 80 A.3d 935, 941 (Del. 2013).
[4] *Id.*
[5] 466 U.S. 668 (1984).
[6] *Id.* at 687.
[7] *Id.*

reasonableness" because of the "distorting effects of hindsight."[8]  The conduct being challenged must be evaluated "from the counsel's perspective at that time."[9]

(9)  If a defendant is able to demonstrate "that his counsel's conduct fell below an objective standard of reasonableness," he must then demonstrate counsel's error was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[10]  "Defendant must establish 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[11]

(10)  Moody first contends that the Superior Court erred by ruling that his trial counsel was not ineffective by failing to move to sever the person prohibited charge.  His theory is that he suffered prejudice because trying the person prohibited charge together with the other two charges allowed the jury to infer that he had a motive for disposing of the firearm.  It allowed the jury to infer, the reasoning goes, that he threw the weapon on the roof because he knew that he was a person prohibited and could not be caught with a firearm in his possession.  This inference, he contends, enabled the State to prove that he was carrying a concealed deadly weapon with ammunition when he was first observed.  Had the person prohibited

---

[8]  *Neal*, 80 A.3d at 941-42 (citing *Strickland*, 466 U.S. at 689).
[9]  *Strickland*, 466 U.S. at 689.
[10]  *Neal*, 80 A.3d at 942 (citing *Strickland*, 466 U.S. at 687).
[11]  *Id.* (citing *Strickland*, 466 U.S. at 694).

4

charge been severed, he argues, the State would not have been able to prove that he was carrying a concealed deadly weapon or that he possessed ammunition.

(11) Under the first *Strickland* prong, Moody must show trial counsel's decision was objectively unreasonable. Trial counsel filed an affidavit in the postconviction proceeding attesting that he did not believe a good faith basis existed to move for severance of the person prohibited charges. The trial strategy was to draw "as little attention as possible to [the person] prohibited status and focus[] on the reasonable doubt evidence and arguments concerning constructive possession."[12] Superior Court Rule 8(a) allows for joinder of charges that are the product of a common scheme or plan. We have previously held "that [even though] Person Prohibited charges are frequently severed, it is also true they are sometimes tried together with the other charged offenses."[13] "[A] defendant making an ineffective assistance of counsel claim must show that joinder of the offenses was sufficiently prejudicial that it was objectively unreasonable for defense counsel not to move for severance."[14] In this case the charges were properly joined and no showing has been made that prejudice resulted which rendered it objectively unreasonable for defense counsel not to move to sever. While it was unlawful for the defendant to

---

[12] *Moody v. State*, 2017 WL 5952762, at *2 (Del. Super. Ct. Nov. 30, 2017).
[13] *Dale v. State*, 2017 WL 443705, at *2 (Del. Jan. 31, 2017).
[14] *Id.*

5

be in possession of a firearm because he was a person prohibited, it was also unlawful for him to carry a firearm concealed. The State was free to argue that he had a motive or reason to dispose of the firearm while in the alley because he was carrying it concealed illegally when the officer commanded him to stop. Stipulating to the person prohibited status, which prevented the jury from being aware of the reason the defendant was a person prohibited, was an acceptable strategic choice.

(12) In addition, the State presented sufficient evidence such that even had the person prohibited charge been severed, there is not a reasonable probability that the outcome would have been any different. Officer Geiser testified to seeing the bulge in Moody's waistline, Moody conducting a "security check," Moody failing to stop at his command, and Moody no longer having the bulge after he exited the other end of the alleyway. After searching the alleyway, the .357 Magnum was spotted in plain view. Based upon this testimony from Officer Geiser, there is not a reasonable probability that the outcome of the trial would have been different had the person prohibited charge been severed.

(13) Next, Moody contends that the Superior Court erred by ruling that his trial counsel was not ineffective for failing to file a motion to suppress the evidence of the finding of the .357 Magnum. He contends no reasonable, articulable suspicion existed that Moody was committing, had committed, or was about to

6

commit a crime and Officer Geiser had no probable cause to stop him. He argues Officer Geiser had no indication Moody was involved in criminal conduct when he first ordered him to stop; therefore, the ultimate seizure of the gun in the alleyway was illegal.

(14) Moody relies upon *Jones v. State* in arguing the initial stop was illegal.[15] *Jones* stands for the proposition that a reasonable, articulable suspicion cannot be solely based on a person's presence in a "particular neighborhood at a particular time of day with no independent evidence that the defendant has committed, is committing or is about to commit a crime."[16] Moody's claim is distinguishable. Based upon Officer Geiser's experience and training, he reasonably believed Moody was concealing a firearm based upon the bulge in his rear waistline and the security check he performed upon that bulge. His stop was not based solely upon his being in a high crime neighborhood at night.

(15) Moody further relies on the case of *United States v. Cronic* to support his ineffective assistance of counsel claim in regard to suppression of the firearm.[17] *Cronic* lays out three scenarios in which prejudice is presumed in an ineffective assistance of counsel claim. He relies upon the second scenario: "[counsel] entirely

---

[15] 745 A.2d 856 (Del. 1999).
[16] *Id.* at 871.
[17] 466 U.S. 648 (1984).

fail[ing] to subject the prosecution's case to meaningful adversarial testing."[18] Moody's reliance on this case is unavailing. Under this concept from *Cronic*, the failure to subject the State's case to meaningful adversarial testing must be "complete," not limited to the failure in filing a single motion.[19]

(16) Turning to the suppression issue under *Strickland*, Moody must show trial counsel's decision was objectively unreasonable. Trial counsel's affidavit in the postconviction proceeding attested that he did not believe a good faith basis existed under current search and seizure law to move for suppression of the gun because there was no "lack of reasonable suspicion to detain based on the officer's allegations of observing a bulge consistent with a firearm."[20] Officer Geiser observed the bulge which he believed to be a concealed firearm based upon his training and experience. Moody was in a high crime area after midnight and abruptly went the wrong way down a one-way alley when he became aware Officer Geiser was following him in his marked police car. These facts support trial counsel's objectively reasonable thinking that there was no sufficient basis for filing a motion to suppress the discovery of the firearm.

(17) Under the second *Strickland* prong, Moody can similarly not show

---

[18] *Id.* at 658.
[19] *Bell v. Cone*, 535 U.S. 685, 696–97 (2002).
[20] App. Opening Br. at 42.

prejudice. As already described, Officer Geiser had a reasonable, articulable suspicion to stop Moody. The subsequent seizure of the .357 Magnum would likely be upheld as legal. Thus, there is no reasonable probability that the outcome would have changed had Moody's counsel filed the motion.

(18) Moody's third claim on appeal is that the Superior Court abused its discretion by not allowing him to expand the record during his postconviction proceeding. He claims that in order to determine whether a motion to suppress would have been successful in the original trial proceeding he should be allowed to present witnesses and evidence to allow the postconviction court to have a more complete record. He argues he should have been allowed to compel testimony from Officer Geiser to discover his initial motivations in stopping him. This would be dispositive of the suppression issue, according to Moody.

(19) Grants or denials of evidentiary hearings are reviewed for an abuse of discretion.[21] The Superior Court decides whether an evidentiary hearing is desirable.[22] Should it not be desirable, the judge is free to make such disposition as justice dictates.[23]

(20) Here, the Superior Court had a full record from the initial trial

---

[21] *Rodriguez v. State*, 109 A.3d 1075, 1081 (Del. 2015).
[22] Del. Super. Ct. R. 61(h)(1).
[23] *Id.* at 61(h)(3).

proceeding and found a further evidentiary hearing during the postconviction proceeding was not necessary. The court had Officer Geiser's testimony from the preliminary hearing and from the trial. This testimony relates to his reasonable, articulable suspicions for stopping Moody. The Superior Court decision not to hold an evidentiary hearing was not an abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice

10